UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT ONGORI,

       Petitioner,

v.                                                      Case No. 2:16-cv-180
                                                      HON.  GORDON J. QUIST
JEH JOHNSON, et al.,

       Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, requesting his release from the custody of the Department of Homeland Security, United States Immigrations and Customs Enforcement (ICE).  He is currently detained at the Chippewa County Jail, an ICE contract facility located within this district.  Petitioner alleges that his continuous detainment is in violation of his rights to due process afforded by the Fifth and Fourteenth Amendment.  Petitioner requests that the Court order his immediate release from custody.  Respondents have filed a response brief.  (ECF No. 14.)  Petitioner has filed a reply brief.  (ECF No. 20.)  This matter is now ready for decision.

Petitioner, a citizen of Kenya, entered the United States to take business classes at Saginaw Valley State University on August 17, 2007.  Although Petitioner entered the United States legally as an F-1 academic student, he was only authorized to remain in the United States for the duration of his F-1 status.  Petitioner eventually stopped taking classes, and his F-1 status was terminated on November 24, 2008.  However, Petitioner remained in the United States.

On September 17, 2015, Petitioner was convicted of domestic violence. He was subsequently sentenced to forty-two days, credit for time-served, and fined $250.00. After being released from jail on September 22, 2015, ICE took Petitioner into custody. The Department of Homeland Security subsequently commenced removal proceedings against Petitioner by filing a Notice to Appear with the Detroit Immigration Court. He was charged with removability under section 237(a)(1)(B) of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States longer than permitted. Petitioner was held without bond.

Shortly thereafter, Petitioner requested a bond redetermination hearing, and a bond hearing was held before an immigration law judge ("IJ") on October 13, 2015. After the hearing, the IJ found that Petitioner should be denied bond because he was considered a flight risk. In the bond memoranda, the IJ stated:

> At the bond hearing, the Court considered all evidence and determined that [Petitioner] failed to meet his burden of demonstrating that he should be released on bond under INA §236(a). Specifically, the Court noted that [Petitioner] was a flight risk, as [Petitioner] had failed to submit any documentation to support a discretionary grant of bond. Specifically, there was no evidence establishing [Petitioner's] identity, means of support, or community involvement. Additionally, [Petitioner] testified that he had minimal family ties in the United States, as the majority of his family resides in Kenya, and even that assertion lacked corroboration. The only documentary evidence that was admitted into the record was [Petitioner's] criminal record. Yet, [Petitioner] answered questions about these incidents evasively and without candor, which cast doubt upon the veracity of his entire testimony. [Petitioner] went so far as to deny his presence at the scene of one of his offenses, although the Government had information indicating that [Petitioner's] image was on videotape.
>
> The record was also devoid of any evidence to establish a fixed address. Furthermore, while [Petitioner] claimed to earn money via various/numerous business ventures, he failed to submit any information (other than his less than believable testimony) to show

even the existence of these businesses, let alone his ownership or participation.

PageID.83.  Petitioner subsequently appealed the IJ's denial of bond to the Board of Immigration Appeals ("BIA") and the Sixth Circuit.  Both the BIA and the Sixth Circuit dismissed Petitioner's appeal.

On January 14, 2016, the IJ ordered Petitioner removed from the United States to Kenya.  PageID.65-66.  Petitioner appealed this order to the BIA.  On June 10, 2016, the BIA dismissed Petitioner's appeal regarding the removal order.  PageID.5.  Petitioner subsequently appealed to the Sixth Circuit.  This appeal is still pending; however, the Sixth Circuit has issued two orders denying Petitioner's request to stay his removal.  *See Ongori v. Lynch*, No. 16-3687, Document 14-2 (6th Cir. Oct. 4, 2016); *Ongori v. Lynch*, No. 16-3687, Document 24-2 (6th Cir. Nov. 17, 2016)

On June 16, 2016, Chippewa County Jail officials attempted to serve Petitioner with Form I-229(a) (warning for failure to depart), Instruction Sheet (requirement to assist in removal), Notice of file review, Form I-217 (travel document sheet).  The officials also attempted to take Petitioner's picture to use as a passport photo.  On June 23, 2016, Petitioner refused to sign the forms and would not allow his picture to be taken.  Petitioner also refused a second request to sign the forms and have his picture taken on July 25, 2016.  Due to his lack of cooperation, Petitioner was personally served with a "Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)."

On September 6, 2016, the ICE issued a "Decision to Continue Detention" to Petitioner.  In determining that Petitioner would not be released at that time, the ICE found that Petitioner was a threat to public safety and a flight risk because (1) a final order of removal had been issued and the ICE is actively pursuing a travel document for removal; (2) Petitioner had

been convicted of domestic violence and a Protection order had been issued; and (3) Petitioner had failed to make good faith efforts to obtain travel documents.

Although not expressly stated in his petition, Petitioner alleges due process violations in his reply brief that are related to his bond redetermination hearing before the IJ on November 18, 2015.[1]  Petitioner's claims regarding this hearing are now moot.  At the time of the bond hearing, Petitioner was detained pursuant to 8 U.S.C. § 1226, which governs the detention of an alien prior to the issuance of a final order of removal.  Thus, Petitioner's claims regarding the bond hearing are challenging his detention under 8 U.S.C. § 1226.  However, Petitioner is no longer being detained under 8 U.S.C. § 1226.  Instead, Petitioner is now being detained pursuant to 8 U.S.C. § 1231, which governs the detention of an alien after the issuance of a final order of removal.

Petitioner argues that there is not a final order of removal in this case because he still has an appeal pending in the Sixth Circuit.  However, an order of removal becomes administratively final when the BIA dismisses an appeal.  *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a).  Here, the IJ issued an order of removal on January 14, 2016.  Moreover, the BIA dismissed Petitioner's appeal on June 10, 2016.  Therefore, the order of removal became a final order on June 10, 2016.

Although an appellate court has the ability to stay a final order of removal under 8 U.S.C. § 1231(a)(1)(B)(ii), the Sixth Circuit has refused to stay the final order of removal in this case.  Thus, a final order of removal has been issued in this case, and Petitioner is no longer being detained pursuant to 8 U.S.C. § 1226.  Therefore, Petitioner's claims challenging his

---

[1] Specifically, Petitioner alleges that he was not provided notice of the charges against him prior to the hearing.  Next, Petitioner alleges that during the hearing, the IJ improperly relied on hearsay statements and mistakenly relied on a blurry image regarding an alleged traffic infraction.  Finally, Petitioner alleges that he did not have any meaningful appellate review after the hearing and that the bond hearing was never recorded.

detention prior to the final order of removal under 8 U.S.C. § 1226 are now moot. *See Parlak v. U.S. Immigration & Customs Enf't*, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006) ("Because the petitioner is now subject to a final order of removal, and his removal has not been stayed by this court, there is no live controversy concerning whether his detention under § 1226 would be constitutional.").

However, Petitioner's claims challenging his detention after the issuance of a final order of removal are not moot. Section 1231(a)(1)(A) provides that when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days. During the removal period, the alien must be detained. 8 U.S.C. § 1231(a)(2). If the alien has not been removed within the 90 day period, the alien shall be subject to supervision under regulations prescribed by the Attorney General. 8 U.S.C. § 1231(a)(3). However, the statute provides that an alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period. 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 684 (2001*)*, the United States Supreme Court addressed the legality of post-order detention in the cases of two aliens previously admitted to lawful permanent resident status, but subsequently ordered deported. The Court held that the "presumptively reasonable period of detention" in such cases was six months. *Id.* at 701. The Court stated that "[a]fter this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* The Court further noted that for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Finally, the Court held that not every alien must be released after six months, and that an alien may be confined until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

In addition, when an alien acts to prevent his removal, the removal period is suspended pursuant to 8 U.S.C. § 1231(a)(1)(C). Therefore, if Petitioner is attempting to delay the government's removal efforts, his continued detention is lawful. *See Pelich v. I.N.S.*, 329 F.3d 1057, 1061 (9th Cir. 2003) (holding that "an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with INS's efforts to remove him."); *Khader v. Holder*, No. 11-cv-12377, 2013 WL 1898559, at *3 (E.D. Mich. May 7, 2013) ("As long as Petitioner acts to thwart the Government's removal efforts, or otherwise fails to cooperate with the removal efforts, his continued detention is lawful."); *Moore v. U.S. Immigration & Customs Enf't*, No. 09-13207, 2009 WL 3568638, at *2 (E.D. Mich. Oct. 30, 2009) (finding that the petitioner could not show that there is no significant likelihood of removal in the reasonably foreseeable future when "his extended detention is the result of his own failure to cooperate and obstruction.").

In this case, although Petitioner has been detained a total of fifteen months, he has only been detained for six months since the order of removal became final. Respondents argue that Petitioner does not fall within the presumptive six month period discussed in *Zadvydas* because Petitioner has intentionally delayed his removal. Respondents provided the "Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)" form that was issued to Petitioner, which stated that Petitioner's detention was being extended because Petitioner failed to sign the necessary forms and refused to have his picture taken to use as a passport photo. On the other hand, Petitioner argues that the document was "doctored by ICE officers" and that he has fully

cooperated with the removal efforts.  However, Petitioner presented no evidence to support his claim that the document is doctored or that he has made reasonable efforts to comply with the order of removal.  Therefore, in the opinion of the undersigned, Petitioner's failure to cooperate with the ICE has delayed his removal to Kenya, and Petitioner cannot claim that his continued detention is unconstitutional.

In addition, even assuming that Petitioner has fully cooperated with ICE and that he has been detained for longer than six months after the removal order became final, he has not met his burden of showing that there is "no significant likelihood of his removal from the United States within the foreseeable future." *Zadvydas*, 533 U.S. at 701.  Petitioner's sole argument is that because there is no final order of removal, it is impossible for him to be removed in the foreseeable future.  However, Petitioner is mistaken. As discussed above, the order of removal became final when the BIA dismissed his appeal.  Although Petitioner is appealing this ruling, the Sixth Circuit has denied Petitioner's requests to stay the final order of removal.  Furthermore, Petitioner has not presented any additional evidence that could support a conclusion that his removal is unlikely in the reasonably foreseeable future.  Instead, Respondents contend that Petitioner's removal is likely in the foreseeable future because Petitioner has recently began cooperating with officials.

Based on the foregoing reasoning, Petitioner has not demonstrated that he is being detained unconstitutionally, or that it is unreasonable for ICE to continue his detention beyond the six month period since it is reasonably likely that he will be removed in the foreseeable future.  Accordingly, it is recommended that Petitioner's habeas application be DENIED.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

-8-

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     December 20, 2016              */s/ Timothy P. Greeley*
                                         TIMOTHY P. GREELEY
                                         UNITED STATES MAGISTRATE JUDGE