UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT ONGORI,

    Plaintiff,

v.                                                                         Case No. 2:16-CV-180

JEH JOHNSON, et al.,                            HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, an alien currently detained at Chippewa County Jail, filed a petition for a writ of habeas corpus under 28 U.S.C. §2241 challenging his detention by the Department of Homeland Security. (ECF No. 1.) Respondents filed a response. (ECF No. 14.) Petitioner filed a reply. (ECF No. 20.) On December 20, 2015, Magistrate Judge Greeley issued a Report and Recommendation, recommending that the Court deny the petition. (ECF No. 24.) Petitioner timely filed an objection. (ECF No. 25.) Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a de novo review of the R & R, the Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the opinion of the Court.

*Background*

Petitioner entered the United States on a student visa and remained in the country after his F-1 status was terminated in November 2008. In September 2015, petitioner was convicted of domestic violence, taken into custody by Immigration and Customs Enforcement (ICE). The Department of Homeland Security initiated removal proceedings. Petitioner was held without bond, but requested a bond redetermination hearing, which was held before an immigration law judge on October 13, 2015. The immigration judge found that Petitioner to be a flight risk and denied bond. Petitioner appealed to the Board of Immigration Appeals and the Sixth Circuit, but both appeals were dismissed. The immigration judge ordered Petitioner removed from the United States to Kenya in January 2016. Petitioner's appeal was denied by the BIA, and is pending in the Sixth Circuit. The Sixth Circuit has issued two orders denying a stay of removal.

In June 2016, Chippewa County Jail officials served Petitioner with various immigration forms and attempted to take his picture to use as a passport photo, but petitioner refused to accept the documents and have his photo taken. In September of 2016, ICE issued a decision to continue the detention of Petitioner based on its finding that Petitioner was a threat to public safety and a flight risk because a final removal order had been issued, petitioner had been convicted of a violent crime, and Petitioner had refused to make good-faith efforts to obtain travel documents.

*Standard*

An alien's detention pending removal is governed by § 241(a) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of ninety days." 8 U.S.C. § 1231(a)(1)(A). During that time, the alien must be detained. 8 U.S.C. § 1231(a)(2). If an alien is

not removed within that time frame, the alien will be "subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

Under certain circumstances, the Attorney General may detain the alien beyond the 90-day removal period if the alien has not yet been removed. For example, if the alien has not been removed and the Attorney General believes that he is "a risk to the community or unlikely to comply with the order of removal," the Attorney General may detain the alien beyond 90 days. 8 U.S.C. § 1231(a)(6). Similarly, the 90-day removal period will be extended "if the alien fails or refuses to make timely [an] application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

But the government may not detain an alien indefinitely. Once the 90-day removal has expired and the alien has not been removed, the government is permitted to continue detention of the alien for a period of six months as long as removal is likely to occur within the "reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 2505 (2001) An "alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Ultimately, the burden is on the alien to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the alien succeeds in making that showing, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.* Most courts have held "that an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him." *Pelich v. I.N.S.*, 329 F.3d 1057, 1061 (9th Cir. 2003); s*ee also Moore v. Immigration & Customs Enf't,* No. 09-13207, 2009 WL 3568638, at *2 (E.D. Mich. Oct. 30, 2009) (listing cases).

*Discussion*

The R & R rejected as moot Petitioner's claims regarding due process violations connected to his bond redetermination hearing before the immigration judge in November 2015. (ECF No 24 at PageID.155-56.) Petitioner objects and argues that the R & R misapplies the mootness doctrine. (ECF No. 25 at PageID.162-63.) This objection is without merit. Habeas challenges to the legality of pre-removal detention are mooted when an alien is subject to a final order of removal. *See Kapiamba v. Gonzales*, No. 1:07-CV-335, 2009 WL 1406648, at *2 (W.D. Mich. May 19, 2009) (collecting cases).

The R & R addressed and agreed with the government's argument that the standards for detention under *Zadvydas* should not apply to Petitioner because he failed to cooperate with various removal procedures. (ECF No. 24 at PageID.152-58.) Two of Petitioner's objections attack that conclusion by referencing portions of the record that appear to show that Petitioner has indeed cooperated with ICE in obtaining his removal. (ECF No. 25 at PageID.160-62; 164-65.) Whatever the merits of these issues, Petitioner's objection still fails to make any persuasive argument that there is "no significant likelihood of his removal from the United States within the foreseeable future," as required under *Zadvydas*. As the R & R points out, any evidence of cooperation by Petitioner would seem to be accelerating the removal, and Petitioner has given no reason to believe that his removal will be significantly delayed if he cooperates. This objection is overruled.

Therefore,

**IT IS HEREBY ORDERED** that Petitioner's objections (ECF No. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 24.) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that petitioner's habeas petition (ECF No. 1) is **DENIED**.

A separate judgment will enter.


Dated: April 27, 2017                                          /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE